**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edwards, | No. CV-17-02133-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition, et al., | |
| Defendants. | |

Pending before the Court are the Motions to Dismiss of Defendants Haresh Mehta, (Doc. 57), Vemma International Holdings Inc., (Doc. 70), and Tom and Bethany Alkazin, (Doc. 74). For the reasons discussed below, the Court grants the motions and dismisses Defendant Mehta. The Court grants Vemma International Holdings' and Tom Alkazin, and Bethany Alkazin's Motions to Dismiss with leave for Dr. Edwards to amend the complaint within thirty days.

## BACKGROUND

Plaintiff Dr. John Edwards is a resident of California. (Doc. 13 ¶ 1). In December 2007, Dr. Edwards became an "affiliate" of Vemma Nutrition, a multi-level marketing company focused on selling nutritional products. (Doc. 61). Vemma Nutrition is incorporated in Arizona. (Doc. 13 ¶ 8). Dr. Edwards is an expert in the use of mangosteen as a dietary supplement, and he has copyrighted books and video recordings on the subject. (Doc. 13 ¶ 18).

Defendant Tom Alkazin and his wife Bethany Alkazin are also affiliates of Vemma Nutrition. They currently live in Nevada and previously resided in California during the alleged conduct. (Doc. 13 ¶¶ 3, 32). Under the direction of Vemma Nutrition, Mr. Alkazin worked with a Montana-based talent agency called Hot Biz Tools to contract with Dr. Edwards for the use of Dr. Edwards's copyrighted material. (Doc. 13 ¶ 22). Soon thereafter, Mr. Alkazin terminated the agreement with Hot Biz Tools and worked with a California-based media company named XL Media Solutions. (Doc. 13 ¶ 23). Under this new agreement, Dr. Edwards licensed his copyrighted works to XL Media, and Mr. Alkazin agreed to purchase CDs of the copyrighted material exclusively from XL Media. (Doc. 13 ¶ 23). Two years later, Mr. Alkazin terminated the agreement with XL Media, and the Alkazins contracted with Dr. Edwards to market and distribute the copyrighted materials on a website named VmaTools.com. (Doc. 13 ¶ 25). The Complaint then alleges that Vemma Nutrition, Tom Alkazin, and Bethany Alkazin violated the marketing and distribution agreements by copying and selling CDs without Dr. Edwards' permission and without paying him royalties. (Doc. 13 ¶ 26). Dr. Edwards also alleges that Mr. Alkazin wrongfully undermined Dr. Edwards' opportunities to present at Vemma Nutrition conferences in Las Vegas, Nevada and various international cities. (Doc. 13 ¶ 42).

Mr. Haresh Mehta resides in South Carolina and is another alleged affiliate of Vemma Nutrition. Mr. Haresh Mehta worked with Tarak Mehta and Vemma Nutrition to open a Vemma Nutrition franchise in India under the name Vemma Vitamins Pvt. Ltd. (Doc. 13 ¶ 31). Dr. Edwards alleges that Defendant Vemma "induced, participated in, aided and abetted, and profited from the copying and distribution" in India of Dr. Edwards' copyrighted material, but he does not allege anything concerning Haresh Mehta's individual participation. (Doc. 13 ¶ 31). Additionally, Dr. Edwards entrusted Haresh Mehta with a book script to be taken to India for printing. (Doc. 13 ¶ 52). Dr. Edwards alleges that Haresh Mehta hid the script at his home in South Carolina for the benefit of Vemma Nutrition. (Doc. 13 ¶ 53).

Dr. Edwards filed a Complaint against multiple defendants concerning copyright infringement and racketeering, as well as a breach of contract claim against Vemma Nutrtion. (Doc. 13). The Complaint names both Vemma Nutrition, Inc. and Vemma International Holdings as corporate defendants, although the Complaint generally does not differentiate between these two entities and refers to them collectively as "Vemma." (Doc. 13 ¶ 2). The Court previously dismissed Defendant Vemma Nutrition, Inc. due to an arbitration agreement. (Doc. 61). Defendants Haresh Mehta and Tom and Bethany Alkazin filed motions to dismiss for lack of personal jurisdiction, and Defendant Vemma International Holding filed a motion to dismiss for failure to state a claim. (Docs. 57, 70, 74).

**DISCUSSION**

**I.  Motions to Dismiss for Lack of Personal Jurisdiction**

    **A.  Legal Standard**

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Id.* (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). "The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)); *Data Disc*, 557 F.2d at 1284 (citing *Taylor*, 383 F.2d at 639).

To establish a prima facie case for personal jurisdiction, the plaintiff has the burden of showing that the exercise of jurisdiction comports with the state long-arm statute and the principles of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute confers jurisdiction to the

maximum extent allowed by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir.1997). Due process requires a nonresident defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted). There are two types of personal jurisdiction, general and specific. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 5 (1985). Plaintiff Mr. Edwards bases jurisdiction over Haresh Mehta and the Alkazins on a basis of specific personal jurisdiction. (Doc. 13 ¶ 11; doc. 62 at 3–11; doc. 83 at 4–5).

**B.  Analysis**

**1.  Specific Personal Jurisdiction**

Specific jurisdiction is analyzed under a three-pronged test: "(1) [t]he non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir.2011) (emphasis in original). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

The first part of the specific jurisdiction test is divided into two distinct concepts: "purposeful direction" for non-contract suits and "purposeful availment" for contract suits. *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citation omitted). Because the claims against the Alkazins and Haresh Mehta concerns copyright infringement, the Court applies the purposeful direction test. *Mavrix Photo, Inc. v. Brand*

*Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (holding that purposeful direction is the proper analytical framework for "copyright infringement, a tort-like cause of action").[1]

Courts use a three-element test to consider purposeful direction and whether the non-resident defendant purposely directed activities at the forum. Purposeful direction requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "'[R]andom, fortuitous, or attenuated contacts' are insufficient to create the requisite connection with the forum." *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Burger King*, 471 U.S. at 475 (internal quotation marks omitted)).

### 2. Tom and Bethany Alkazin

Dr. Edwards fails to meet the third element of the purposeful direction test. The third element requires the non-resident defendant to have caused harm that it knew the plaintiff would likely suffer in the forum jurisdiction. *Dole Food*, 303 F.3d at 1111. Foreign acts must have an effect in the forum state, even if some or all of the challenged conduct occurred outside of the forum. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (citing *Calder v. Jones*, 465 U.S. 783 (1984)); *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010) ("This element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum."). Although "the 'brunt' of the harm need not be suffered in the forum state," personal jurisdiction requires that "a jurisdictionally sufficient amount of harm is suffered in the forum state . . . ." *Yahoo! Inc. v. LaLigue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). In copyright cases, plaintiffs generally satisfy this

---

[1] To the extent that Dr. Edwards argues that the claims arise from his contracts with Tom Alkazin through Hot Biz Tools or XL Media Solutions or VmaTools.com, those contracts were entered into and performed in either Montana or California. (Doc. 1 ¶¶ 21–25).

requirement by residing in the forum state. *Brayton Purcell LLP*, 606 F.3d at 1131; *DFSB Kollective Co. Ltd. v. Bourne*, 897 F.Supp.2d 871, 884 (N.D. Cal. 2012) (citations omitted).

The Complaint does not indicate that Dr. Edwards has any business in Arizona, or that he makes any profits from his copyrighted material in Arizona, or that the infringement would have any impact on any potential revenues coming from Arizona. In his response brief to the Alkazins' motion, Dr. Edwards points to parts of the Complaint where he alleges that Tom Alkazin and others, including "Vemma," made illegal copies of his CDs concerning mangosteen, (doc. 83 at 8–9), but nowhere in those sections does it state that copies were sent to or purchased in Arizona, or would otherwise impact Dr. Edwards' business in Arizona.[2] The Alkazins business arrangements with Vemma may have subjected them to Arizona jurisdiction if there were a dispute between the Alkazins and Vemma, but unless the alleged joint enterprise between the Alkazins and Vemma caused Dr. Edwards harm in Arizona, even the existence of the joint enterprise does not establish jurisdiction here.

In short, the Complaint broadly alleges that Mr. Alkazin has "transacted business in this district and throughout the United States," (doc. 13 ¶ 3), but it does not allege that any conduct from the alleged business relationship between the Alkazins and Vemma, even if it is a conspiracy to violate his copyright, harms Dr. Edwards in Arizona. Consequently, the Complaint does not allege any potential harm in Arizona that would be anything more than random, fortuitous, or attenuated. *See Morrill*, 873 F.3d at 1142 (9th Cir. 2017). The Complaint does allege harm suffered in various other places, such as California, where Dr. Edwards lived and worked and where the copyright infringement occurred; or Nevada and Europe, where Dr. Edwards lost potential speaking engagements. (Doc. 13, ¶¶ 41, 46). But the Complaint does not specify harm suffered in Arizona. If Dr. Edwards has such facts, he has thirty days to amend his complaint to

---

[2] Courts consider any additional facts by affidavit or otherwise to determine personal jurisdiction only when the language of the Complaint sufficiently pleads facts to support personal jurisdiction. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

assert them.

Plaintiff Dr. Edwards has failed to meet his burden to establish that either Tom or Bethany Alkazin purposely directed activities at Arizona that resulted in Dr. Edwards' lawsuit. Since the Court has determined that Dr. Edwards has not satisfied the "purposeful direction" requirement of the minimum contacts test, the Court need not address the remaining parts of the personal jurisdiction analysis. The Court grants the Alkazins' motion to dismiss.

### 3. Haresh Mehta

The analysis for Haresh Mehta is similar to the analysis for the Alkazins. The Complaint alleges that Haresh Mehta, a resident of South Carolina, hid one of Dr. Edwards' book scripts in South Carolina and used Dr. Edwards' copyrighted material in helping expand Vemma Nutrition's presence into India. (Doc. 13 ¶¶ 31–32, 52–53). These allegations may have had effect in India, where the copyrighted material would be sold, or California, where Dr. Edwards resides and would plausibly have lost revenue from the sale of the CDs and/or the book, but these allegations do not show that these alleged actions would harm Dr. Edwards in Arizona. Further, to the extent that the Complaint alleges that Defendant Vemma, as a part owner of Vemma Vitamins Pvt. Ltd., "knowingly induced, participated in, aided and abetted, and profited from the copying and distribution of selections from the Copyright works[,]" these allegations say nothing about Mehta individually. Nor do the allegations that Vemma Vitamins Pvt. Ltd. was selling product in India speak to Haresh Mehta's personal involvement. Even assuming that Mehta individually ordered product from Vemma in Arizona, such an allegation in no way relates to harm suffered by Plaintiff in Arizona. The Court grants Haresh Mehta's motion to dismiss.

### 4. Additional Discovery

Dr. Edwards requested limited jurisdictional discovery if the Court found that it lacked personal jurisdiction over Defendants Haresh Mehta and the Alkazins. (Docs. 62 at 13, 83 at 9). "[W]here a plaintiff's claim of personal jurisdiction appears to be both

attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). A court may also deny a request for jurisdictional discovery if it would not be helpful. *Id.*

Jurisdictional discovery would be futile. Dr. Edwards failed to establish that the Court has personal jurisdiction over Defendants Haresh Mehta and the Alkazins because these Defendants would not have expected the alleged misconduct to have any impact on Dr. Edwards in Arizona. Dr. Edwards already has access to information that would show how he was potentially harmed in Arizona, and he has not presented anything more that an attenuated allegation of how these Defendants might have harmed him in Arizona. The Court denies Dr. Edwards' request for limited jurisdictional discovery.[3]

## II. Motion to Dismiss Vemma Holdings for Failure to State a Claim

### A. Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Id.* To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[3] Having determined that it has no personal jurisdiction over the Alkazins, the Court need not rule on their request to compel arbitration as to Dr. Edwards' complaint against them.

- 8 -

defendant has acted unlawfully." *Id.*

**B. Analysis**

Rule 8 mandates that a pleading contain a plain statement of the claim. Fed.R.Civ.P. 8(a)(2). "A complaint should 'fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" *Salazar v. County of Orange*, 564 Fed.Appx 322 (9th Cir. 2014) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)). A complaint is "fatal[ly] flaw[ed]" when it "impermissibly lump[s] together claims and defendants." *Id.*

The FAC impermissibly refers to the Vemma corporate defendants without differentiation. It specifically defines "Vemma" to include both Vemma Nutrition and Vemma International Holdings (doc. 13 ¶ 2). Yet, Defendant Vemma Nutrition has been dismissed as a party pursuant to an arbitration agreement, (doc. 61), and the FAC's joint reference to the Vemma corporate defendants as Vemma results in confusion as to which claims and theories remain against Vemma International Holdings. For example, the third claim for breach of contract is brought against "Defendant Vemma." (Doc. 13 ¶¶ 75–80). Yet, Plaintiff states in his response that Vemma International Holdings is not liable for the breach of contract claim. (Doc.84 at 7) ("the claims asserted against Vemma Holdings are essentially the same as claims asserted against Vemma Nutrition Co. . . . save for the absence of a breach of contract claim against Vemma Holdings"). Further the FAC neither alleges that the two Vemma Corporations are alter egos, nor does it allege separate facts against Vemma Holdings that would give rise to independent liability. As a result, the current Complaint does not plainly set forth which allegations apply to Vemma International Holdings with sufficient detail.

A party seeking to amend a pleading after a specified deadline in a scheduling order must first show good cause for modifying the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing Fed. R. Civ. P. 16(b)(4)); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("when a party seeks to amend a pleading after the pretrial scheduling

order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)"). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party "was not diligent, the inquiry should end." *Id.*

The Court filed the scheduling order on November 30, 2017 and set January 29, 2018 as the deadline to amend pleadings. (Doc. 38). Plaintiff learned about the potential deficiency of its lumped pleading in February and requested leave to amend on March 7, 2018. (Doc. 84 at 7). Plaintiff Dr. Edwards' relatively quick request to amend the Complaint shows sufficient diligence to justify a modification to the scheduling order to allow for an amended pleading.

Rule 15(a)(2) is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Leave for a permissive amendment should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (citations omitted). Considering the liberality of the rule and the absence of a significant problem in permitting an amended pleading, the Court allows Plaintiff Dr. Edwards thirty days to amend the Complaint. The Second Amended Complaint should clearly set out which allegations apply to Vemma International Holdings.

## CONCLUSION

As described above, Dr. Edwards' Complaint does not show that this Court has personal jurisdiction over Defendants Haresh Mehta, Tom Alkazin, or Bethany Alkazin. Neither does the Complaint clearly state a claim against Defendant Vemma International Holdings. The Court grants the motions to dismiss, and allows Plaintiff to amend the complaint to plead facts showing whether he suffered harm in Arizona based on the

Alkazins' conduct and to clarify which allegations apply to Defendant Vemma International Holdings.[4]

**IT IS HEREBY ORDERED**:

1. Defendant Haresh Mehta's Motion to Dismiss, (Doc. 57), is **GRANTED**.

2. Defendants Tom and Bethany Alkazin's Motion to Dismiss, (doc. 74), is **GRANTED with leave to amend within 30 days**.

3. Defendant Vemma International Holdings Inc.'s Motion to Dismiss, (doc. 70), is **GRANTED with leave to amend within 30 days**.

4. Plaintiff John Edwards may amend the complaint to clarify which allegations and claims apply to Vemma International Holdings and to state facts, if any, which suggest that Plaintiff was harmed in Arizona by the conduct of the Alkazins.

Dated this 20th day of July, 2018.

_____
Honorable G. Murray Snow
United States District Judge

---

[4] The parties previously filed a Joint Motion to Vacate Case Management Deadlines (Doc. 94) which the Court denied because the Court "does not grant requests for the extension of deadlines that expired before the request was made." (Doc. 98). However, of the requested extensions, the deadlines for the completion of fact discovery and filing dispositive motions have not yet passed. To the extent that the thirty day period of time for leave to amend the Complaint impacts these two deadlines, the Court is willing to consider a request to extend these deadlines so long as the parties request the extension before the deadline passes.