**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edwards,<br><br>   Plaintiff,<br><br>v.<br><br>Vemma Nutrition, et al.,<br><br>   Defendants. | No. CV-17-02133-PHX-DWL<br><br>**ORDER** |

  Pending before the Court are two motions to strike filed by Plaintiff (Docs. 134, 136), as well as a request by Plaintiff for more time to file a response to one of the motions he's attempting to strike (Doc. 140).

  <u>The First Motion</u>: On September 4, 2018, defendant Vemma International Holdings, Inc. ("Vemma Holdings") filed a motion to dismiss. (Doc. 114.) Plaintiff did not file a response until October 4, 2018. (Doc. 125.) That filing was untimely—responses are due within 14 days of when a motion is filed. *See* LRCiv 7.2(c). As a result, Vemma Holdings pointed out the untimeliness of the response in its reply, which was filed on October 11, 2018. (Doc. 128 at 1 ["Plaintiff failed to timely respond to Vemma Holdings' motion, missing the deadline by 16 days."].) More than a month later, Plaintiff filed a "motion to strike" the portions of Vemma Holdings' reply addressing the timeliness issue. (Doc. 134.) The motion alternatively requests leave to file a sur-reply. *Id.*

  <u>The Second Motion</u>: On November 8, 2018, defendant Haresh Mehta filed a motion to dismiss. (Doc. 131.) On November 19, 2018, Plaintiff filed a motion to strike, arguing

that Mehta's motion should be stricken because it should have been filed earlier. (Doc. 136.) This filing did not address the merits of Mehta's motion. *Id.* On December 7, 2018—long after the 14-day deadline for responding on the merits to Mehta's motion had expired—Plaintiff filed a motion for an extension of time to respond to the motion in the event the motion to strike is denied. (Doc. 140.)

Both of Plaintiff's motions to strike will be denied. In the first motion, Plaintiff contends that Vemma Holdings shouldn't be allowed, in its reply, to mention the untimeliness of Plaintiff's response—let alone seek relief on that basis—because the untimeliness issue wasn't raised in Vemma Holdings' original motion. (Doc. 134 at 1-2; *see also* Doc. 138 at 2 ["[T]he portion of Vemma Holdings' Reply regarding the timeliness of Plaintiff's Opposition memoranda [w]as a new argument on the merits. Such new arguments are not permitted in reply briefs . . . ."].) This argument is baseless. When Vemma Holdings filed its motion, it presumably believed that Plaintiff was familiar with, and would comply with, the basic rules and deadlines that are applicable in federal court. Thus, Vemma Holdings didn't need to preemptively and hypothetically argue in its motion that it would be entitled to relief if Plaintiff ignored the deadline for filing a response. And once Plaintiff ignored the deadline, it was perfectly appropriate for Vemma Holdings to mention the issue in its reply. *Burnham v. City of Rohnert Park*, 1992 WL 672965, *1 n.2 (N.D. Cal. 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition *or unforeseen at the time of the original motion*." (emphasis added)). Moreover, even if Plaintiff had been sandbagged by an argument improperly raised for the first time in a reply—which, as noted, didn't happen here—there still would be no need for Plaintiff to move to "strike" the new arguments. *AIRFX.com v. AirFX LLC*, 2012 WL 129804, *1 (D. Ariz. 2012) ("Defendant moves to strike plaintiffs' reply . . . , arguing that the reply raises new arguments . . . . [A] motion to strike in this case is unnecessary, as we do not consider new arguments raised in a reply.").[1]

The second motion to strike (Doc. 136) also lacks merit. In a nutshell, Plaintiff's

---

[1] The Court also denies Plaintiff's alternative request to file a sur-reply.

position is that Mehta's motion to dismiss was untimely filed. The proper way to advance such a claim is to file a response to the motion and, in that response, raise the issue of untimeliness as a reason why the motion should be denied. A motion to strike is not the correct vehicle for advancing such a claim. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (district court erred by striking a motion it deemed unmeritorious instead of denying the motion: "A movant's right to appeal from an order denying a motion is worth little if the denying judge can strike the motion from the record altogether. Approval of the district court's action would establish a procedure that, if abused, could shield erroneous district court orders from review. We hold that F.R.Civ.P. 12(f) should not be construed as allowing this undesirable result."). *See also Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*, 2017 WL 5714727, *1 (D. Ariz. 2017) (noting that only pleadings (not motions) may be the subject of a motion to strike under Rule 12(f), that Local Rule 7.2(m) tightly restricts the circumstances under which a motion to strike may be filed, and that "[c]ourts view motions to strike disfavorably 'because they are often used to delay and because of the limited importance of the pleadings in federal practice'" (citation omitted)).

Finally, the Court will grant, albeit grudgingly, Plaintiff's motion for an extension of time to file a response to Mehta's motion to dismiss. (Doc. 140). It is unfortunate that Plaintiff has wasted so much of the Court's and the other parties' time by filing baseless motions to strike. Nevertheless, denying the extension request would have the practical effect of granting Mehta's motion to dismiss, *see* LRCiv 7.2(i), and it is preferable for matters to be resolved on the merits after adversarial presentation.

Accordingly, **IT IS ORDERED** that:

(1) The motion to strike, or alternatively for leave to file a sur-reply (Doc. 134) is **DENIED**;

(2) The motion to strike (Doc. 136) is **DENIED**; and

…

…

(3) The motion for extension (Doc. 140) is **GRANTED**, such that Plaintiff has 14 days from the date of this Order to file a response to Mehta's motion to dismiss. No further extension requests will be considered.

Dated this 17th day of December, 2018.

Dominic W. Lanza
United States District Judge