**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edwards,<br><br>    Plaintiff,<br><br>v.<br><br>Vemma Nutrition, et al.,<br><br>    Defendants. | No. CV-17-02133-PHX-DWL<br><br>**ORDER** |

Pending before the Court are three motions to dismiss: (1) the Motion of Tom and Bethany Alkazin to Dismiss for Lack of Personal Jurisdiction Or, in the Alternative, to Compel Arbitration (Doc. 112), (2) Defendant Vemma International Holdings, Inc.'s Motion to Dismiss Second Amended Complaint (Doc. 114), and (3) Former Defendant Haresh Mehta's Motion to Clarify Dismissal and Alternative Renewal of Motion to Dismiss (Doc. 131). As discussed below, all three motions will be granted.

## BACKGROUND

A.  <u>The First Amended Complaint</u>

On July 3, 2017, Plaintiff John Edwards brought this copyright infringement action. (Doc. 1.)

On August 25, 2019, Edwards filed his First Amended Complaint ("FAC"), naming as defendants (1) Vemma Nutrition, Inc., (2) Vemma International Holdings, Inc., (3) Vemma Vitamins Pty. Ltd., (4) Tom and Bethany Alkazin, (5) Haresh Mehta, (6) Tarak Mehta, and (7) Roes I through X. (Doc. 13.)

B. The Dismissal As To Vemma Nutrition

On September 15, 2017, Vemma Nutrition Company ("Vemma Nutrition")[1]—the only Defendant served at that time—filed a Motion to Compel Arbitration and Dismiss Action (Doc. 18), arguing that "the parties' contract included a broad arbitration clause requiring arbitration of any dispute relating to the parties' 'relationship.'" (Doc. 18 at 1-2.)

On January 31, 2018, the Court issued a 16-page opinion granting the motion, holding that Edwards's claims against Vemma Nutrition were subject to arbitration and thus dismissing those claims without prejudice. (Doc. 61.)

C. The Dismissal As To The Alkazins, Mehta, And Vemma Holdings

On November 29, 2017, Tom and Bethany Alkazin ("the Alkazins") and Vemma International Holdings, Inc. ("Vemma Holdings") waived service. (Doc. 37.) Service was executed on Haresh Mehta ("Mehta")[2] on December 11, 2017. (Doc. 39.)

On January 17, 2018, Mehta filed a motion to dismiss the FAC for lack of personal jurisdiction. (Doc. 57.)

On February 21, 2018, the Alkazins filed a motion to dismiss the FAC for lack of personal jurisdiction. (Doc. 74).

On February 21, 2018, Vemma Holdings filed a motion to dismiss the FAC for failure to state a claim. (Doc. 70).

On July 20, 2018, the Court issued an opinion granting all three motions. (Doc. 99.) As for the two motions to dismiss for lack of personal jurisdiction, the Court noted that Edwards asserted specific jurisdiction, as opposed to general jurisdiction, and determined that the "purposeful direction" test applied, as opposed to the "purposeful availment" test. *Id.* at 4. Under the purposeful direction test, jurisdiction exists when the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that

---

[1] Vemma Nutrition Company asserted that it was the party named in the FAC as "Vemma Nutrition, Inc." (Doc. 18 at 1 n.1.)

[2] This order will refer to Haresh Mehta as "Mehta," even though Edwards has also sued another defendant with the same last name (Tarak Mehta).

the defendant knows is likely to be suffered in the forum state." *Id.* at 5 (quoting *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017)).

The Court noted that the FAC "broadly alleges that Mr. Alkazin has 'transacted business in this district and throughout the United States,' but it does not allege . . . any potential harm in Arizona that would be anything more than random, fortuitous, or attenuated." *Id.* at 6. The Court therefore determined that the FAC did not allege facts demonstrating the Alkazins had caused any harm suffered in Arizona and therefore dismissed the FAC as to the Alkazins, with leave to amend within 30 days "[i]f Dr. Edwards has such facts." *Id.* at 6-7.

The Court similarly determined the FAC did not allege facts demonstrating that Mehta—a resident of South Carolina who allegedly hid one of Edwards' book scripts in South Carolina and used Edwards' copyrighted materials to expand Vemma Nutrition's presence into India—had caused any harm suffered in Arizona. *Id.* at 7. The Court dismissed the FAC as to Mehta without leave to amend. *Id.*

Finally, in granting Vemma Holdings's motion to dismiss, the Court concluded that "the FAC impermissibly refers to the Vemma corporate defendants without differentiation," noting that the FAC "specifically defines 'Vemma' to include both Vemma Nutrition and [Vemma Holdings]." *Id.* at 9. The Court found that the lack of differentiation "results in confusion as to which claims and theories remain against [Vemma Holdings]," considering that Vemma Nutrition had been dismissed due to the binding arbitration agreement, and "the FAC neither alleges that [Vemma Nutrition and Vemma Holdings] are alter egos, nor does it allege separate facts against Vemma Holdings that would give rise to independent liability." *Id.* The Court granted Edwards leave to amend as to Vemma Holdings within 30 days, adding that "[t]he Second Amended Complaint should clearly set out which allegations apply to [Vemma Holdings]." *Id.* at 10.

The Court concluded the opinion with the summation, "The Court grants the motions to dismiss and allows Plaintiff to amend the complaint to plead facts showing whether he suffered harm in Arizona based on the Alkazins' conduct and to clarify which

allegations apply to Defendant [Vemma Holdings]." *Id.* at 10-11. The Court then issued the following orders:

1. Defendant Haresh Mehta's Motion to Dismiss, (Doc. 57), is **GRANTED**.

2. Defendants Tom and Bethany Alkazin's Motion to Dismiss, (doc. 74), is **GRANTED with leave to amend within 30 days.**

3. Defendant Vemma International Holdings Inc.'s Motion to Dismiss, (doc. 70), is **GRANTED with leave to amend within 30 days.**

4. Plaintiff John Edwards may amend the complaint to clarify which allegations and claims apply to Vemma International Holdings and to state facts, if any, which suggest that Plaintiff was harmed in Arizona by the conduct of the Alkazins.

(Doc. 99 at 11.)

D.  The Second Amended Complaint

On August 19-20, 2018, Edwards filed his Second Amended Complaint ("SAC"). (Doc. 106-1.)[3] The SAC names all the non-fictitious Defendants named in the FAC. Relevant amendments include (1) the allegation that "[o]n information and belief, . . . Vemma Nutrition . . . was formed as a wholly-owned subsidiary of Vemma Holdings[;] . . . Vemma Holdings has always been owned by the Boreyko family, including B.K. Boreyko, who is also the Chief Executive Officer of Vemma Nutrition" (Doc. 106-1 ¶ 8), (2) the allegation that "[o]n information and belief, Vemma Holdings is the alter-ego of Vemma Nutrition" (*id.* ¶ 9),[4] (3) the allegation that the Alkazins have connections to Arizona (*id.* ¶ 15), (4) the legal conclusion that "personal jurisdiction . . . exists over the Alkazins in Arizona under principles of general and/or specific jurisdiction" (*id.* ¶ 16), (5) the allegation that Mehta "is a foreign national, domiciled in India and presently living in South Carolina," and (6) the legal conclusion that "[o]n information and belief, and

---

[3] Edwards had some difficulty complying with the local rule on filing amended pleadings, LRCiv 15.1, so various drafts of this pleading and notices thereto appear on the docket. (Docs. 103, 104, 106-1, 107-1.) For ease of reference, the Court will cite the redlined version required by LRCiv 15.1(a), Doc. 106-1, which indicates how it differs from the FAC.

[4] *See also id.* ¶ 91 ("At all times relevant to this Complaint, Vemma Holdings was the parent company of Vemma Nutrition, or was the alter-ego of Vemma Nutrition. As the parent company or alter-ego, Vemma Holdings profited directly or indirectly from the actions of Vemma Nutrition complained of herein.").

- 4 -

pursuant to [28] U.S.C. § 1391(c)(3), personal jurisdiction is proper against Haresh Mehta . . . in the District of Arizona" (*id.* ¶ 18).

The SAC also alleges that Vemma Nutrition and Vemma Holdings "have operated as a common enterprise" and collectively refers to the two companies as "Vemma." (*Id.* ¶ 21). Furthermore, the SAC adds three new claims for relief: "civil conspiracy" between Vemma Holdings and Vemma Nutrition (*id.* ¶¶ 103-105), "preliminary and permanent injunction" against all Defendants (*id.* ¶¶ 107-110), and "punitive damages" against "Vemma" (*id.* ¶¶ 112-114).

E.  The Further Proceedings Concerning Mehta

On August 31, 2018, the Court issued a written order stating that it had reviewed the named parties in the SAC and found that "Haresh Mehta was named as a Defendant after having been dismissed for lack of jurisdiction . . . and without leave to amend." (Doc. 111.) The Court thus ordered Edwards to show cause, by September 13, 2018, as to why Mehta should not be dismissed from the action. *Id.* The Court also set a status hearing on that date to discuss the parties' request for extensions to the pending deadlines in the case. *Id.* Finally, the Court directed the Clerk of Court to dismiss Mehta, without further notice, on September 14, 2018 if Edwards failed to comply with the Court's order to show cause.

On September 13, 2018, at the status conference, the Court addressed Edwards's counsel, explaining its rationale for its July 20, 2018 ruling granting the Alkazins' motion to dismiss with leave to amend and granting Mehta's motion to dismiss without leave to amend:

> I did dismiss [Mehta], and I didn't give you leave to amend with respect to him.
>
> I will tell you what my thinking was because he and the Alkazins . . . the allegations as it pertains to any sort of damage that they inflicted on . . . the plaintiff in Arizona were very insufficient. Because all the allegations as it pertains to . . . Mr. Mehta had to do with his activities in India, I just didn't see that there was any possibility you were going to make any claim that there was any damage done to Dr. Edwards, who is not an Arizona resident, in Arizona.
>
> Similarly, I felt the same way about the Alkazins . . . . However, because they are residents of Nevada, I considered that there was more possibility that you could actually do that with some specificity, which is why I gave you

- 5 -

leave to amend.

(Doc. 124 at 2-3.)

During the status conference, Edwards's counsel attempted to make arguments regarding why Mehta should not be dismissed but the Court prevented Edwards's counsel from doing so, stating, "if you want to address the Mehta issue, because they're not here, you probably need to do it in writing." *Id.* at 4. Edwards's counsel also stated that he "didn't see the words 'with prejudice'" in the Court's order dismissing Mehta, and the Court responded by reiterating that the dismissal was without leave to amend. *Id.* The Court added, "[i]f you feel like you want me to reconsider, or whatever else, if you feel like you still have access to such a motion, you can file it." *Id.* at 5.

The status conference ended at 10:27 a.m. (*id.* at 13), and Edwards did not file a written response to the order to show cause by the end of that day. Accordingly, per the Court's August 31, 2018 Order (Doc. 111), the Clerk of Court dismissed Mehta the following day. (Doc. 120.)

On September 28, 2018, Edwards filed a "motion for reconsideration," requesting that the Court vacate the Clerk's summary dismissal of Haresh Mehta. (Doc. 121.)

On October 1, 2018, the Court granted the motion and reinstated Mehta.[5] (Doc.

---

[5] The "motion for reconsideration" (Doc. 121) is not a picture of clarity. Edwards's claim that he had "at a minimum complied with the Court's order to show cause" (Doc. 121 at 3) is baseless. Edwards did not file a written response to the Court's order to show cause by the September 13, 2018 deadline and the Court expressly refused to allow him to respond orally during the September 13, 2018 status conference, confirming multiple times that that such a response would need to be done "in writing" and that counsel would need to "file it." (Doc. 124 at 4-5.) The Court did not extend the September 13, 2018 deadline during the status conference or at any other time. Because Edwards failed to comply with the Court's order to show cause by September 13, 2018, the Clerk properly dismissed Mehta. To the extent Edwards sought leave to file a belated written response, the motion should have been brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and should have explained why Edwards's failure to file a written response by September 13, 2018 was "excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also* Fed. R. Civ. P. 6(b)(1)(B). The Court's order granting the motion for reconsideration and reinstating Mehta was not accompanied by a reasoned opinion, and the case having since been reassigned to the undersigned judge, it is unclear why the motion was granted. Edwards had requested leave to file a supplemental memorandum within 10 days of the Court's ruling "to the extent the Court desires additional briefing on the issues" (Doc. 121 at 3), but the Court did not specify whether this briefing was desired and permitted. (Doc. 122.) Thus, at no point did Edwards respond to the order to show cause.

- 6 -

122.)

On November 8, 2018, Mehta filed a motion entitled "Former Defendant Haresh Mehta's Motion to Clarify Dismissal and Alternative Renewal of Motion to Dismiss." (Doc. 131.)

**DISCUSSION**

A. <u>Added Claims And Remedies Sought</u>

As a preliminary matter, although the SAC purports to assert three new causes of action that don't appear in the FAC, and also purports to seek certain new remedies that weren't sought in the FAC, the Court did not grant Edwards leave to amend his FAC in this fashion. Leave to amend was narrowly and specifically circumscribed: "Edwards may amend the complaint to clarify which allegations and claims apply to Vemma International Holdings and to state facts, if any, which suggest that Plaintiff was harmed in Arizona by the conduct of the Alkazins." (Doc. 99 at 11.)

As such, the Court will order the newly added claims—"civil conspiracy" between Vemma Holdings and Vemma Nutrition (Doc. 106-1 ¶¶ 103-105), "preliminary and permanent injunction" against all Defendants (*id.* ¶¶ 107-110), and "punitive damages" against "Vemma" (*id.* ¶¶ 112-114)—struck from the SAC. The Court will also strike the new remedies sought—a constructive trust, punitive damages (also asserted as a claim), consequential and equitable damages, and appointment of a receiver over "Vemma and other defendants" (*id.* at 21-26). *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620, 622 (9th Cir. 2017) (district court properly struck second amended complaint for exceeding the scope of amendment permitted in the court's first dismissal order). *See also* Fed. R. Civ. P. 15(a)(2) (absent circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave").

B. <u>The Alkanzins</u>

The Court authorized Edwards to amend his FAC "to state facts, if any, which suggest that Plaintiff was harmed in Arizona by the conduct of the Alkazins." (Doc. 99 at 11.) But the SAC does not include any such facts bearing on the issue of *specific* personal

jurisdiction. Indeed, Edwards's response to the Alkazins' motion concedes he has made no attempt to provide any such facts—instead, he simply maintains that the jurisdictional analysis contained in the Court's earlier order was wrong:

> With regard to specific jurisdiction, Plaintiff has alleged sufficient facts to establish specific jurisdiction. However, that issue has already been the subject of a previous ruling by this Court (Doc. 99), and the rules do not permit Plaintiff to request a reconsideration of the legal analysis at this time, however much he would like to do so. Accordingly, Plaintiff is relegated to standing by his earlier arguments . . . .

(Doc. 126 at 5.)

The SAC does, however, include new allegations intended to establish that *general* personal jurisdiction exists as to the Alkazins. This attempt fails for at least two reasons.

First, to the extent the SAC attempts to establish personal jurisdiction by any means other than stating facts that "suggest that Plaintiff was harmed in Arizona by the conduct of the Alkazins," it exceeds the scope of the leave to amend that was granted to Edwards in the July 20, 2018 dismissal order. This reason alone provides an adequate basis for granting the Alkazins' motion to dismiss. *Lizza*, 714 F. App'x at 622.

Second, in his response to Edwards's motion to dismiss the FAC, Edwards waived any reliance on the doctrine of general personal jurisdiction: "In his FAC, Plaintiff did not assert that the Alkazins are subject to general personal jurisdiction." (Doc. 83 at 4-5.) Indeed, this is why the Court delimited the scope of the leave to amend it granted. Edwards was not given carte blanche—more than a year after the lawsuit was filed—to start from scratch with a new theory he'd previously disavowed.

Having determined that the SAC as it applies to the Alkazins still fails to establish specific personal jurisdiction, and that Edwards previously waived any reliance on the doctrine of general personal jurisdiction, the Court need not address the Alkazins' other arguments. The Court will dismiss the Alkazins from this action without leave to amend.

C. Mehta

In its July 20, 2018 order, the Court dismissed Mehta for lack of personal jurisdiction. Such a dismissal is necessarily "without prejudice." *Freeman v. Oakland*

*Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court.") (quotation marks and ellipsis omitted); *see also* Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction is not "an adjudication on the merits"). Although Edwards was free to attempt to reassert his claims against Mehta in a competent court, he was not free to reassert them in this action absent a judicial grant of leave to amend. Fed. R. Civ. P. 15. No such leave was granted as to Mehta.

Moreover, even if the Court had granted leave to amend as to Mehta—which it did not—the SAC would remain deficient. The SAC now alleges that Mehta "is a foreign national, domiciled in India and presently living in South Carolina." (Doc. 106-1 ¶ 18.) Although Edwards contends this allegation creates personal jurisdiction under 28 U.S.C. § 1391(c)(3) (*see* Doc. 144 at 5-6), the statute on which Edwards relies is a venue provision, not a personal jurisdiction provision.[6] Moreover, the venue statute provides that "a defendant *not resident in the United States* may be sued in any judicial district . . . ." *Id.* (emphasis added). The SAC alleges, however, that Mehta is "presently living in South Carolina."

Therefore, the Court will once again dismiss Mehta from this action without leave to amend.

D. <u>Vemma Holdings</u>

On January 31, 2018, when Vemma Nutrition was the only served defendant in this case, the Court granted Vemma Nutrition's motion to dismiss, holding that Edwards's claims against Vemma Nutrition were subject to binding arbitration. (Doc. 61.) Next, on July 20, 2018, the Court granted Vemma Holdings's motion to dismiss due to "confusion

---

[6] *See generally Day v. Cornèr Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 159-60 (D.D.C. 2011) ("[P]laintiff places heavy emphasis on the federal venue statute, which in relevant part declares that '[a]n alien may be sued in any district.' Plaintiff's reliance is misplaced. Section 1391 is a venue statute and 'has nothing whatever to do with acquiring personal jurisdiction by service of process.' Indeed, as legal concepts, questions of personal jurisdiction and venue are distinct. The former concerns itself with the power of a court to adjudicate the rights and liabilities of a party, while the latter focuses on the most convenient location for litigation. Consequently, 'the question of venue has no bearing on the question of personal jurisdiction.'") (citations omitted).

as to which claims and theories remain against [Vemma Holdings]" and afforded Edwards leave to amend "to clarify which allegations apply to [Vemma Holdings]." (Doc. 99 at 9-11.)

The SAC alleges that "Vemma Holdings is the alter-ego of Vemma Nutrition." (Doc. 106 ¶ 9.) This is a futile amendment because it necessarily results in another dismissal of Vemma Holdings. If Vemma Holdings is the alter ego of Vemma Nutrition, then Edwards's claims against Vemma Holdings are subject to arbitration and dismissal for the same reasons described at length in the Court's January 31, 2018 order dismissing Vemma Nutrition. *Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Properties, Inc. v. Robson*, 294 P.3d 125, 134 (Ariz. Ct. App. 2012) (nonsignatory can compel arbitration if sued as a signatory's alter ego).[7]

Alternatively, if Vemma Holdings is not the alter ego of Vemma Nutrition, then Edwards's claims against Vemma Holdings are subject to dismissal for the same reasons described at length in the Court's July 20, 2018 order, which dismissed Vemma Holdings for failure to differentiate between the Vemma entities. Indeed, the SAC continues to improperly lump Vemma Nutrition and Vemma Holdings together as "Vemma." (Doc. 106-1 ¶ 21).

Furthermore, Edwards waived the opportunity to advance an alter-ego theory during a previous round of briefing. On February 21, 2018, Vemma Holdings filed its motion to dismiss the FAC with a subsection entitled "**No Alter Ego Allegations**" and noted that "Plaintiff makes no allegation that Vemma Holdings is the alter ego of Vemma Nutrition," adding that "if that were the basis of Plaintiff's claims against Vemma Holdings, then Plaintiff would be required to arbitrate those claims, since the Court already has granted Vemma Nutrition's Motion to Compel Arbitration, and has dismissed Plaintiff's claims

---

[7] Edwards argues that, even if the alter-ego allegation means that most of his claims against Vemma Holdings must be arbitrated, the SAC contains one particular type of claim—a claim for injunctive relief—that isn't covered by the arbitration agreement. (Doc. 125 at 9, 11-13.) This argument is unavailing because, as noted in Part A above, the claim for injunctive relief was improperly added to the SAC without leave of court and is now struck.

against Vemma Nutrition." (Doc. 70 at 4.) In his response, Edwards did not argue that Vemma Nutrition and Vemma Holdings were alter egos. Rather, Edwards asserted that one of his claims (breach of contract) applied to Vemma Nutrition and not to Vemma Holdings. (Doc. 84 at 7.) In other words, Edwards previously disavowed an alter-ego theory—presumably because Vemma Holdings had pointed out the futility of advancing such a theory in this action.

Nevertheless, Edwards attempts now to resurrect an already-waived and at-any-rate-futile alter-ego theory. He will not be permitted to do so. Therefore, his claims against Vemma Holdings will be dismissed for the reasons explained in the Court's July 20, 2018 order. *Salazar v. Cty. of Orange*, 564 F. App'x 322 (9th Cir. 2014) ("impermissibly lumped together claims and defendants" constitute a "fatal flaw" in a complaint). This dismissal will be with prejudice, because Edwards has had multiple opportunities to state a claim against Vemma Holdings and has failed to do so. *Adams v. Santa Barbara Cottage Hosp.*, 647 F. App'x 822, 824 (9th Cir. 2016) (dismissal with prejudice appropriate when Plaintiff forgoes the opportunity to cure defects in complaint).

E.  <u>Defendants Tarak Mehta And Vemma Vitmains Pty. Ltd.</u>

After the Alkazins, Mehta, and Vemma Holdings are dismissed, only two Defendants will remain—Vemma Vitamins Pty. Ltd. ("Vemma Vitamins") and Tarak Mehta. Vemma Vitamins is alleged to be "a limited company organized and existing under, and by virtue of, the laws of the Country of India, with an operating office in the United States in North Carolina." (Doc. 106-1 ¶ 5.) Tarak Mehta is alleged to be "a principal of Defendant Vemma Vitamins" who "resides in Mumbai, India." (*Id.* ¶ 7.) Both were added to the case in August 2017 and the Court granted Edwards three extensions of time to serve them with the FAC. (Doc. 63.)

The docket does not indicate that Vemma Vitamins was ever served with the FAC or the SAC. The docket also doesn't provide any indication that Vemma Vitamins has ever participated in this action.

As for Tarak Mehta, on February 5, 2018, he filed an untitled response to the FAC,

termed an "unconditional reply," which was docketed as an answer. (Doc. 64.) No other participation in this case by Tarak Mehta is indicated on the docket. In August 2018, mail sent to Tarak Mehta was twice returned as undeliverable (Docs. 100, 101) and the Court discontinued mailing. Mailing was reinstated on October 1, 2018, and was once again discontinued in April 2019 after again being twice returned as undeliverable (Docs. 146, 147). There is no indication that Tarak Mehta was ever served with the SAC and he has never responded to it.

In addition to whatever problems may exist regarding Edwards's failure to serve and failure to prosecute as to Vemma Vitamins and Tarak Mehta, it appears to the Court that it lacks personal jurisdiction over these defendants. As for Vemma Vitamins, the SAC merely alleges this entity promised to publish a book authored by Edwards, the script for which was allegedly hidden at Haresh Mehta's house, and then failed to publish it. (Doc. 106-1 ¶¶ 61-62.) It thus appears that the Court lacks personal jurisdiction over Vemma Vitamins for the same reasons it lacks personal jurisdiction over Haresh Mehta. (*Cf.* Doc. 99 at 7.)[8]

As for Tarak Mehta, the only allegations in the SAC are that "Defendant Vemma coordinated with Mr. Haresh Mehta and Tarak Mehta to open a Vemma franchise in India under the name Vemma Vitamins Pvt. Ltd."[9] and that "Defendant Vemma, Defendants Tom and Bethany Alkazin, and Haresh and Tarak Mehta split profits from the sale of Infringing CD 2[10] amongst themselves . . . ." (Doc. 106-1 ¶ 38-39.) There is no indication of how these alleged acts of Tarak Mehta caused harm in Arizona. (*Cf.* Doc. 99 at 7.)

The Court will not grant leave to file yet another amended complaint. Thus, the

---

[8] The SAC states that the Court "has personal jurisdiction over Defendant [Vemma Vitamins] by virtue of its purposeful availment through its numerous business dealings with Defendant Vemma, as a franchisee of Defendant Vemma." (*Id.* ¶ 17.) This vague assertion is conclusory and apparently asserts a legal theory foreclosed by the Court's July 20, 2018 Order, which noted that the "purposeful direction" test applies to copyright infringement claims, not the "purposeful availment" test. (Doc. 99 at 4.)

[9] Vemma Vitamins Pvt. Ltd. is not a named Defendant in this action.

[10] The SAC does not allege that Tarak Mehta made, copied, or sold Infringing CD 2. (*cf.* Doc. 106-1 ¶ 39 ["Defendants Tom and Bethany Alkazin, acting under the direction of Defendant Vemma, made substantial copies of Infringing CD 2."].)

Court will order that by June 3, 2019, Edwards must file a written memorandum, not to exceed ten pages, showing cause why the SAC should not be dismissed as to Vemma Vitamins and Tarak Mehta for failure to serve the FAC and the SAC and for lack of personal jurisdiction—and Edwards is cautioned that any argument that disregards the opinions already issued in this case will be deemed frivolous and potentially sanctionable—or conceding that the SAC should be dismissed as to Vemma Vitamins and Tarak Mehta.

F. <u>Attorneys' Fees</u>

Embedded within each motion is a request for attorneys' fees, albeit on different grounds. The Alkazins' motion contains the following sentence: "[T]he Alkazins should be awarded the attorneys' fees they have incurred in filing this second motion to dismiss and a second answer, neither of which should have been necessary." (Doc. 112 at 10.) Mehta's motion, meanwhile, states that "Haresh is not filing a separate motion for sanctions pursuant to 11(c)(2); rather, Haresh implores the Court to consider sanctions on its own initiative pursuant to Fed. R. Civ. P. 11(c)(3) and/or LRCiv 83.1(f) in response to Plaintiff's unreasonable conduct, meritless action, disregard of this Court's prior orders, and utter disrespect for the Rules and those who follow them." (Doc. 131 at 7-8.) Finally, Vemma Holdings's motion states: "Vemma Holdings also seeks an award of attorneys' fees on the following bases: (1) Vemma Holdings has been forced to file a second motion to dismiss, and a second answer, because Plaintiff did not comply with the Court's order granting him limited leave to amend; and (2) Plaintiff has now, by virtue of his new alter ego theory, clearly sued Vemma Holdings for breach of contract, and Vemma Holdings should be deemed the prevailing party and entitled to an award of attorneys' fees under A.R.S. § 12-341.01." (Doc. 114 at 12.)

The Court tends to share the movants' belief that Edwards's conduct was unreasonable and had the effect of unfairly driving up his opponents' costs. However, the Court is not willing to impose a fee award based on such undeveloped briefing.

Additionally, the fee requests may be premature. Rule 54(d)(2)(B)(ii) of the Federal

- 13 -

Rules of Civil Procedure requires a party seeking attorneys' fees to file a motion that, among other things, "*specif[ies] the judgment* and the statute, rule, or other grounds entitling the movant to the award." *Id.* (emphasis added). Some courts have interpreted this language as requiring parties to wait until judgment has been entered before filing a fee-related motion. *See, e.g., Double J Inv., LLC v. Automation Control & Info. Sys. Corp.*, 2014 WL 12672618, *1 (D. Ariz. 2014) ("Although the Aguilars have been dismissed from this lawsuit . . . attorneys' fees and related non-taxable expenses may only be awarded following a final judgment. A final judgment was not entered following the Court's dismissal of the claims against the Aguilars. Accordingly, the Court denies the current application without prejudice because it is premature.").

Finally, the fee requests also fail to comply with certain procedural requirements set forth in Local Rule 54.2. Among other things, LRCiv 54.2(c) requires a motion seeking attorneys' fees to employ an array of specific sections (which aren't included in any of the movants' motions) and LRCiv 54.2(d)(1) provides that "[n]o motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues." *See generally Graham-Miller v. Nationstar Mortgage LLC*, 2012 WL 2368494, *5 (D. Ariz. 2012) (granting motion to dismiss but denying without prejudice request for attorneys' fees under A.R.S. § 12-341.01 that was included within the dismissal moving papers: "[I]f Defendants wish to be awarded attorneys' fees under section 12–341.01, they must file a separate motion that complies with Local Rule 54.2, setting out the reasons this Court should exercise its discretion to award fees. The Court therefore denies the request for attorneys' fees pursuant to A.R.S. § 12–341.01, without prejudice to refiling.").

For these reasons, the Court will deny without prejudice the movants' various requests for attorneys' fees. The movants are free to file a future motion seeking such fees (which should identify, with more precision, the legal justification for the requested award and otherwise comply with LRCiv 54.2), but the Court also understands that the movants

- 14 -

may not wish to sink any more resources into this case. Alternatively, the parties may wish to sidestep briefing on the matter by reaching a settlement on the issue of attorneys' fees.

If the movants choose to brief the issue of attorneys' fees, the Court orders that all motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

Accordingly,

**IT IS ORDERED** that:

(1) The Motion of Tom and Bethany Alkazin to Dismiss for Lack of Personal Jurisdiction Or, in the Alternative, to Compel Arbitration (Doc. 112) is **granted**,

(2) Defendant Vemma Holdings, Inc.'s Motion to Dismiss Second Amended Complaint (Doc. 114) is **granted**;

(3) Former Defendant Haresh Mehta's Motion to Clarify Dismissal and Alternative Renewal of Motion to Dismiss (Doc. 131) is **granted**;

(4) Tom and Bethany Alkazin and Haresh Mehta are dismissed **without leave to amend**;

(5) Vemma Holdings is dismissed **with prejudice**;

(6) The newly added claims—"civil conspiracy" between Vemma Holdings and

Vemma Nutrition (Doc. 106-1 ¶¶ 103-105), "preliminary and permanent injunction" against all Defendants (*id.* ¶¶ 107-110), and "punitive damages" against "Vemma" (*id.* ¶¶ 112-114)—are **struck** from the SAC, as are the new remedies sought—a constructive trust, punitive damages (asserted as a claim), consequential and equitable damages, and appointment of a receiver over "Vemma and other defendants" (*id.* at 21-26);

(7) By June 3, 2019, Edwards must file a written memorandum, not to exceed ten pages, showing cause why the SAC should not be dismissed as to Vemma Vitamins and Tarak Mehta for failure to serve the FAC and the SAC and for lack of personal jurisdiction—and Edwards is cautioned that any argument that disregards the opinions already issued in this case will be deemed frivolous and potentially sanctionable—or conceding that the SAC should be dismissed as to Vemma Vitamins and Tarak Mehta; and

(8) The movants' various requests for attorneys' fees are **denied without prejudice**.

Dated this 20th day of May, 2019.

Dominic W. Lanza
United States District Judge