**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edwards,<br><br>    Plaintiff,<br><br>v.<br><br>Vemma Nutrition, et al.,<br><br>    Defendants. | No. CV-17-02133-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the Application for Withdrawal of Counsel Without Consent (Doc. 151) filed by Plaintiff's counsel, attorneys Florin V. Ivan and Justin M. Clark and the law firms Ivan & Associates, P.C. and Ivan and Kilmark, PLC (together, "Counsel").[1]

Local Rule 83.3(b) provides various procedural requirements that must be met when an attorney withdraws from representation of a client (except for a change of counsel within the same law office) and further provides that the application to withdraw must set forth the reasons for the withdrawal. Here, the procedural requirements are met. As to the reason(s) for the withdrawal, Counsel avers that "[t]he application is made for one or more reasons enumerated in ER 1.16 the specifics of which are protected by the attorney-client privilege." (Doc. 151 at 1.)

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the

---

[1] Also pending before the Court is the Application for Withdrawal of Counsel Without Consent (Doc. 153) filed by the law firm J. Clark Law Firm, PLLC and attorney Justin M. Clark, which will be addressed near the end of this order.

client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and it's true the reasons listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh the reason. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."); *Bohnert v. Burke*, 2010 WL 5067695, *2 (D. Ariz. 2010) ("Any factors that might support [counsel's] motion to withdraw are outweighed by the Court's responsibility to manage its own case load and ensure [fairness] to all parties. . . . [T]he Court finds that the interests of justice will be best served if [counsel] remains available to assist and try this case as he agreed to do when he entered his notice of appearance in 2009.").

Here, the Court is unable to determine how much Counsel's reasons weigh in favor of withdrawal because the Court has no idea what Counsel's reasons are. The reasons listed in ER 1.16 run the gamut from the client's failure to timely pay his attorney to the client's persistent criminal or fraudulent acts. In short, some of the reasons are more compelling than others.

Moreover, the withdrawal motion comes at a very sensitive juncture in the case. The deadline for Plaintiff to show cause as to why the Second Amended Complaint should not be dismissed as to Vemma Vitamins and Tarak Mehta is June 17, 2019, which is less than a week away. (Doc. 150.) This deadline has already been extended once, at Plaintiff's request, and the Court noted that no further extensions would be granted. (Docs. 149, 150.) If Plaintiff fails to meet this deadline, the Court will dismiss Vemma Vitamins and Tarak Mehta—the only two remaining Defendants in this action—and will direct the clerk of court to enter judgment. The Court previously ordered that the already-dismissed

Defendants could not apply for attorneys' fees until judgment is entered. (Doc. 148.)

Thus, the Court needs more from Counsel than a vague assertion that its withdrawal motion is based on "one or more reasons enumerated in ER 1.16." (Doc. 151 at 1.) The Court appreciates Counsel's concerns regarding attorney-client privilege and confidentiality, but these concerns can be addressed. Courts often require attorneys to provide *ex parte* affidavits in support of withdrawal motions—this technique ensures that the Court has all the information it needs to appropriately balance the withdrawal factors while still preserving the confidentiality of the attorney-client relationship. *See, e.g.*, *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp. 3d 155, 158-59 (D.D.C. 2016) ("Numerous courts have reviewed . . . affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."). Thus, the Court will permit Counsel to file an *ex parte* motion under seal, explaining the reasons justifying withdrawal.

Also pending before the Court is the Application for Withdrawal of Counsel Without Consent (Doc. 153) filed by the law firm J. Clark Law Firm, PLLC and attorney Justin M. Clark. The application states, "The firm of Ivan & Associates filed a notice of substitution of counsel on or around November 11, 2018, however J. Clark Law Firm, PLLC is still reflected as one of the attorneys of record for John Edwards." (Doc. 153 at 1.).

Justin M. Clark has been representing Plaintiff since (at the latest) August 25, 2017, when he signed the First Amended Complaint (Doc. 13) as "Justin M. Clark, Esq., J. Clark Law Firm, PLLC, Attorney of Plaintiff, John Edwards." (Doc. 13 at 27.) The Second Amended Complaint was also signed by Justin M. Clark of J. Clark Law Firm, PLLC. (Doc. 103 at 28.) On September 28, 2018, Plaintiff filed a motion signed by Florin V. Ivan

of Ivan & Associates as "Attorney for Plaintiff" (Doc. 121 at 3), although no motion for substitution had been filed, let alone granted. On October 4, 2018, Plaintiff filed his response to Vemma International Holdings, Inc.'s motion to dismiss (Doc. 125) and his response to Tom and Bethany Alkazin's motion to dismiss (Doc. 126). The former was filed by Justin Clark of J. Clark Law Firm and bore electronic signatures of both Clark and Ivan as "Attorneys for Plaintiff." (Doc. 125 at 15.) The latter was signed and filed by Florin V. Ivan of Ivan & Associates as "Attorney for Plaintiff." (Doc. 126 at 6.) Finally, on November 11, 2018, Florin Ivan filed a "Notice of Substitution of Counsel, Change of Firm, Change of Address," in which he gave notice that "law firm FLORIN V. IVAN, P.C. dba IVAN & ASSOCIATES ('the Firm') through Florin V. Ivan and Justin M. Clark hereby appears as attorney of record for Plaintiff JOHN EDWARDS and substitutes for all attorneys and law firms previously appearing on behalf of Plaintiff," listing both Florin V. Ivan and Justin M. Clark under Ivan & Associates letterhead, including the email address [JustinClark@ivanandassociates.com](JustinClark@ivanandassociates.com), and signing the notice with an electronic signature for both Florin V. Ivan and Justin M. Clark under the law firm heading Ivan & Associates. (Doc. 133 at 1-2). Since that date, Justin M. Clark has been listed as an attorney on Plaintiff's filings (*e.g.*, Doc. 136 at 2), and at times has signed Plaintiff's filings (*e.g.*, Doc. 141 at 3), all of which have been filed on Ivan & Associates letterhead.

All of this is procedurally improper, but it is clear to the Court that Justin M. Clark joined the law firm Ivan & Associates, and that since autumn 2018, Plaintiff has been represented by two attorneys, Florin V. Ivan and Justin M. Clark, both of whom are attorneys at Ivan & Associates. Mr. Clark can only have one set of contact information through the Court's electronic filing system, and Mr. Clark has his firm association as J. Clark Law Firm, and his address at 2 N. Central Avenue in Phoenix. The Court cannot withdraw the law firm J Clark Law Firm PLLC while maintaining Justin Clark as counsel of record. The Court will not at this time grant leave for Justin M. Clark to withdraw as counsel for Plaintiff, and because it is impossible to withdraw the J. Clark Law Firm PLLC without withdrawing Justin Clark, the Application for Withdrawal of Counsel Without

Consent at Doc. 153 will be denied in its entirety.

Accordingly,

**IT IS ORDERED** that Counsel's Application for Withdrawal of Counsel Without Consent (Doc. 151) is denied without prejudice.

**IT IS FURTHER ORDERED** that by **June 17, 2019**, Counsel may file an *ex parte* motion under seal, explaining the reasons justifying withdrawal.

**IT IS FURTHER ORDERED** that if Plaintiff or Defendants wish to oppose Counsel's withdrawal, they may file a memorandum setting forth their reasons by **June 27, 2019**.

**IT IS FURTHER ORDERED** that the Application for Withdrawal of Counsel Without Consent (Doc. 153) filed by the law firm J. Clark Law Firm, PLLC and attorney Justin M. Clark is denied.

Dated this 13th day of June, 2019.

Dominic W. Lanza
United States District Judge