1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| John Edwards, | No. CV-17-02133-PHX-DWL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition, et al., | |
| Defendants. | |

On May 20, 2019, the Court issued an order granting the motions to dismiss filed by most of the defendants in this case and ordering Plaintiff to submit a memorandum addressing why the claims in the second amended complaint ("SAC") shouldn't be dismissed against the remaining two defendants, Vemma Vitamins Pty. Limited ("Vemma Vitamins") and Tarak Mehta ("Mehta"), for lack of service and lack of personal jurisdiction. (Doc. 148.)

On June 17, 2019, Plaintiff filed a responsive memorandum. (Doc. 155.) In it, Plaintiff doesn't address the status of Vemma Vitamins. As for Mehta, Plaintiff contends he shouldn't be dismissed because Mehta filed an answer in February 2018 that "does not expressly appear to raise lack of personal jurisdiction or insufficient service of process." (*Id.* at 3.)

The Court disagrees. In his admittedly unusual February 2018 response (Doc. 64) to the first amended complaint ("FAC"), Mehta explicitly raised lack of personal jurisdiction and insufficient service of process. As to service, Mehta repeatedly asserted

that Plaintiff served the summons "upon a wrong person and on a wrong company, at a wrong address" and asked the Court "to direct Plaintiff to recall the summon, unconditionally, as sent by the Plaintiff to the wrong person at the wrong address." (Doc. 64 ¶¶ 1, 25.) As to personal jurisdiction, Mehta argued that the "District Court can never have any personal jurisdiction over your Petitioner who is not the specific Defendant." (*Id.* ¶ 18.) Moreover, Mehta "specifically and particularly denie[d] each and every point of allegations contained in" the FAC. (*Id.* ¶ 2.) This denial encompassed the four allegations in the FAC pertaining to Mehta (none of which, separately or together, establish personal jurisdiction). (Doc. 13 ¶¶ 7, 31, 32, 55.) The Court further notes that the "Jurisdiction and Venue" section of the FAC didn't even mention Mehta[1]—it only alleged that personal jurisdiction existed over certain other defendants. (*Id.* ¶¶ 9-13.) This is a basic pleading deficiency. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). This basic pleading deficiency was not rectified in the SAC, which also fails to mention Mehta in the "Jurisdiction and Venue" section. (Doc. 103 at ¶¶ 11-19.) Thus, the Court finds that Mehta's February 2018 response did not waive challenges to personal jurisdiction or inadequate service.[2]

For these reasons, the Court concludes that the analysis contained in its May 20, 2019 Order (Doc. 148) compels the conclusion that Mehta should be dismissed for lack of personal jurisdiction.[3] And because Plaintiff didn't even attempt to address the status of Vemma Vitamins, the Court concludes that Vemma Vitamins should be dismissed for lack of personal jurisdiction and for failure to serve, for the reasons explained in the Court's May 20, 2019 Order.

Accordingly, **IT IS ORDERED** that:

---

[1] Another Defendant, *Haresh* Mehta, was mentioned, but *Tarak* Mehta was not.
[2] Indeed, far from *waiving* these challenges, Mehta's response (which was docketed as an "answer") could fairly be construed as a motion to dismiss *asserting* these challenges.
[3] It is unnecessary for the Court to determine the disputed issue of whether Tarak Mehta was properly served.

1. (1) Defendants Vemma Vitamins Pty. Limited and Tarak Mehta are **dismissed without leave to amend**;

2. (2) The Clerk of Court shall enter judgment accordingly;

3. (3) Any defendant wishing to file a motion for attorneys' fees must do so within 14 days of entry of judgment; and

4. (4) All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

Dated this 18th day of June, 2019.

_____
Dominic W. Lanza
United States District Judge

Cc: Manas Mukherjee
    Alipore Judges' Court
    Bar Library Room No. 4
    18, Judges' Court Road
    Kolkata 700 027

    Manas Mukherjee
    P.O. & P.S. Maheshtala
    Gangarampur Road, Jhawtala
    Kolkata 700141
    India