**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edwards, | No. CV-17-02133-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition, et al., | |
| Defendants. | |

Pending before the Court are the "Request for Clarification" (Doc. 161) and "Request for Leave to File Reply on Application for Withdrawal of Counsel Without Consent" (Doc. 162), both filed by Plaintiff John Edwards's attorney Florin V. Ivan. For the following reasons, the "Request for Clarification" will be granted in part and denied in part and the "Request for Leave to File Reply on Application for Withdrawal of Counsel Without Consent" will be denied.

On June 11, 2019, Edwards's counsel, attorneys Florin V. Ivan and Justin M. Clark and the law firms Ivan & Associates, P.C. and Ivan and Kilmark, PLC (together, "Counsel") filed their Application for Withdrawal of Counsel Without Consent (Doc. 151).

On June 14, 2019, the Court denied the application to withdraw without prejudice, noting that "the withdrawal motion comes at a very sensitive juncture in the case" and further noting that "the Court is unable to determine how much Counsel's reasons weigh in favor of withdrawal because the Court has no idea what Counsel's reasons are." (Doc. 154 at 2.) The Court stated that Counsel were permitted to file an *ex parte* affidavit under

seal, if they wished to explain their reasons for seeking withdrawal, and set a deadline of June 17, 2019 for submitting the *ex parte* affidavit. (*Id.* at 5.) The Court further stated that "if Plaintiff or Defendants wish to oppose Counsel's withdrawal, they may file a memorandum setting forth their reasons by June 27, 2019." (*Id.*) Counsel did not file an *ex parte* affidavit by (or after) the June 17 deadline. Indeed, no motion to withdraw is pending before the Court.

June 17, 2019 was also the deadline for Edwards to "file a written memorandum . . . showing cause why the SAC should not be dismissed as to Vemma Vitamins and Tarak Mehta for failure to serve the FAC and the SAC and for lack of personal jurisdiction . . . or conceding that the SAC should be dismissed as to Vemma Vitamins and Tarak Mehta." (Doc. 148 at 16.) The Court had cautioned Edwards that any argument that disregarded the orders already issued in the case would be "deemed frivolous and potentially sanctionable. (*Id.*)

On June 17, 2019, Counsel timely filed the memorandum and implied that the Court's order had created a dilemma for Counsel: "[T]he context here is that a memorandum must be filed, counsel cannot concede dismissal without client consent, and counsel cannot make arguments previously rejected by the Court as to other defendants. This context basically sets the stage for the short memorandum that follows." (Doc. 155 at 2.) The one-paragraph argument that followed lacked merit, and therefore, on June 19, 2019, the Court dismissed Vemma Vitamins and Tarak Mehta without leave to amend, directed the clerk of court to enter judgment, and ordered that any Defendant wishing to file a motion for attorneys' fees must do so within 14 days of entry of judgment. (Doc. 156.) The clerk entered judgment on June 19, 2019 (Doc. 157), such that all motions for attorneys' fees are due by July 3, 2019.

On June 26, 2019, Plaintiff directly filed (without his Counsel) "a formal written request . . . to enter a Motion for reconsideration." (Doc. 158.) The request contained no facts, law, or argument and did not adhere to various procedural rules, including the rule that a represented litigant may not file directly. On June 27, 2019, the Court denied the

request because "[i]t was filed by Plaintiff personally, even though he is represented by counsel, in violation of Local Rule 83.3(c)(2), and it was not signed by Plaintiff's counsel, in violation of Rule 11(a) of the Federal Rules of Civil Procedure." (Doc. 159.)

That same day, Counsel filed a Request for Clarification (Doc. 161). Counsel stated that the June 27, 2019 Order "does not suggest counsel violated Rule 11(a) of the Federal Rules of Civil Procedure: the order only states that the request filed by Plaintiff himself did not comply with Rule 11(a) because it was not signed by counsel" and requested clarification if the Court intended a different construction. (Doc. 161 at 2.)

The Court did not intend a different construction. Thus, to the extent Edwards and/or his Counsel sought clarification, that request is granted. The June 27, 2019 Order does not suggest or imply any misconduct by Edwards's Counsel.

Buried in the Request for Clarification is a request that the Court either "give Plaintiff a meaningful pro per hearing regarding reconsideration, in the interest of procedural due process" or "reconsider its denial of the application for withdrawal of counsel, permitting Plaintiff to appear pro per in the action and considering the merits of any motion for reconsideration Plaintiff may file." (*Id.*)

The Court will not reconsider its denial of the application for withdrawal of counsel. As explained in the June 13, 2019 Order denying the application, Counsel failed to provide reasons to establish justifiable cause. (Doc. 154.) The Court afforded Counsel the opportunity to provide reasons via an *ex parte* affidavit but Counsel declined to do so.[1] Thus, there are no reasons before the Court weighing in favor of withdrawal. Moreover, the Court finds that withdrawal at this sensitive juncture of the case—the motions for attorneys' fees are due on July 3—would prejudice Defendants, Plaintiff, and the administration of justice. *Cf. Martin v. Weed Inc.*, 2019 WL 2100002, *2 (D. Ariz. 2019)

---

[1] Counsel apparently declined to file an *ex parte* affidavit because "[m]otions under seal can always be, at least in theory, subject to subsequent motions to unseal" and because Counsel lacked "client consent to disclose attorney-client privileged information." (Doc. 162.) These justifications are unpersuasive. The Court took pains to note that submitting the *ex parte* affidavit "ensures that the Court has all the information it needs to appropriately balance the withdrawal factors while still preserving the confidentiality of the attorney-client relationship." (Doc. 151 at 3.)

("[W]ithdrawal at this time [less than a week before argument on dispositive motions] would be unfairly prejudicial to Plaintiff, who has not consented to counsel's withdrawal, as well as unfairly prejudicial to Defendants and to the timely administration of justice."); *Reiffin v. Microsoft Corp.*, 2011 WL 2359059, \*2-4 (N.D. Cal. 2011) (requiring attorneys to continue representation in connection with pending motion for attorneys' fees).

As for the request that the Court "give Plaintiff a meaningful pro per hearing regarding reconsideration, in the interest of procedural due process" (Doc. 161 at 2), the Court construes this as a motion to reconsider the Court's June 27, 2019 Order denying Edwards's request for leave to file a motion for reconsideration.

Pursuant to Local Rule 7.2(g), Edwards may file a motion for reconsideration—he does not need to seek leave of the Court to file one. However, as noted in the Court's May 27, 2019 Order, the rules do not permit Edwards to file a motion directly, so long as he is represented. LRCiv 83.3(c)(2); Fed. R. Civ. P. 11(a). The Court infers what was not explicitly stated in Edwards's directly-filed request (Doc. 158)—that Edwards is seeking leave to *directly* file a motion for reconsideration of the Court's June 19, 2019 Order dismissing Vemma Vitamins Pty. Limited and Tarak Mehta, drafted by Edwards personally without the assistance of Counsel, even though he is still represented by Counsel.

The Court's May 20, 2019 Order explains that (1) Vemma Vitamins Pty. Limited was never served, (2) Tarak Mehta had not participated in the case since February 5, 2018 and was never served with the SAC, and (3) the SAC did not include facts that would establish personal jurisdiction over Vemma Vitamins Pty. Limited or Tarak Mehta. (Doc. 148 at 11-12.) Nevertheless, despite the existence of multiple grounds for dismissing these defendants, the Court allowed Edwards the opportunity to oppose dismissal. Counsel implied, in their June 17 Memorandum, that they were unable to advance nonfrivolous arguments opposing the dismissal of Vemma Vitamins Pty. Limited and Tarak Mehta— and then indeed failed to advance any. Counsel's inability to advance nonfrivolous arguments opposing dismissal of these two defendants leaves the Court convinced that none exist. Thus, the Court does not perceive that due process requires a departure from

the general rule that a represented party may not directly file a motion. LRCiv 83.3(c)(2); Fed. R. Civ. P. 11(a). The request to allow Edwards to argue on his own behalf (orally or in writing) while he remains represented by Counsel is denied.

As a final matter, on June 27, 2019, Defendants Vemma Nutrition Co., Vemma International Holdings Inc., and Tom and Bethany Alkazin filed a Response to Applications for Withdrawal of Counsel Without Consent. (Doc. 160.) At the time this response was filed, no motion to withdraw was pending, but Defendants may have (correctly) guessed that the issue of Counsel's attempted withdrawal would come up again after Edwards directly filed his June 26, 2019 motion.

On June 28, 2019, Counsel filed a Request for Leave to File Reply on Application for Withdrawal of Counsel Without Consent (Doc. 162). This request will be denied for two reasons: (1) there is no pending motion to withdraw, and (2) the "request" was itself a three-page reply to Defendants' three-page response. The Court denied the motion to withdraw on June 14, and today's Order denies a request for reconsideration of the June 14 denial of the motion to withdraw. Further briefing of this issue would not be helpful.

Accordingly,

**IT IS ORDERED** that Counsel's Request for Clarification (Doc. 161) is **granted in part and denied in part**. Clarification is provided by this Order. The request that the Court reconsider its denial of the application for withdrawal of counsel is **denied**. The request that the Court reconsider its June 27, 2019 Order denying Edwards's request for leave to file a motion for reconsideration is **denied**.

**IT IS FURTHER ORDERED** that Counsel's Request for Leave to File Reply on Application for Withdrawal of Counsel Without Consent (Doc. 162) is **denied**.

Dated this 3rd day of July, 2019.

Dominic W. Lanza
United States District Judge