**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edwards, | No. CV-17-02133-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition, et al., | |
| Defendants. | |

Between July 9 and July 12, 2019, four expedited motions were filed: (1) a second motion to withdraw as counsel filed by Plaintiff's counsel, Florin Ivan and Justin Clark ("Counsel") (Doc. 170), (2) Plaintiff's motion for extension of time to respond to the pending motions for attorneys' fees (Doc. 171), (3) Counsel's motion to intervene (Doc. 172), and (4) Counsel's motion for extension of time to respond to the pending motions for attorneys' fees (Doc. 177).

On July 11, 2019, Defendants Vemma Nutrition Company ("Vemma Nutrition"), Vemma International Holdings Incorporated ("Vemma Holdings"), and Bethany and Tom Alkazin ("the Alkazins") responded to the first three motions. (Docs. 173, 174, 175.)

On July 15, 2019, the Court granted in part and denied in part Plaintiff's motion for extension of time, granting an extension of 14 days rather than the 60-day extension sought by Plaintiff. (Doc. 178.) This opinion will supply the Court's analysis for its July 15, 2019 text-only order and will address the other three motions that remain pending. For the following reasons, Counsel's second motion to withdraw is denied without prejudice,

Counsel's motion to intervene is denied, and Counsel's motion for extension of time to respond to the pending motions for attorneys' fees is denied as moot.

**BACKGROUND[1]**

On July 3, 2017, Plaintiff initiated this action by filing (pro se) the Complaint. (Doc. 1.) On August 25, 2017, Plaintiff—now represented by attorney Justin Clark—filed his First Amended Complaint ("FAC"). (Doc. 13.)

On September 15, 2017, Vemma Nutrition filed a Motion to Compel Arbitration and Dismiss Action (Doc. 18), which the Court granted on January 31, 2018 (Doc. 61).

In early 2018, Haresh Mehta ("Mehta") filed a motion to dismiss the FAC for lack of personal jurisdiction (Doc. 57), the Alkazins filed a motion to dismiss the FAC for lack of personal jurisdiction (Doc. 74), and Vemma Holdings filed a motion to dismiss the FAC for failure to state a claim. (Doc. 70). On July 20, 2018, the Court issued an opinion granting all three motions. (Doc. 99.)

On August 20, 2018, Plaintiff filed his Second Amended Complaint ("SAC"), naming all the non-fictitious Defendants named in the FAC. (Doc. 106-1.) On September 4, 2018, the Alkazins filed a motion to dismiss the SAC for lack of personal jurisdiction, or alternatively to compel arbitration (Doc. 112), and Vemma Holdings filed a motion to dismiss the SAC for failure to state a claim (Doc. 114).

On September 28, 2018, Plaintiff filed a motion arguing that the Clerk of Court's dismissal of Mehta should be vacated. (Doc. 121.) The motion was signed by Florin V. Ivan of Ivan & Associates as "Attorney for Plaintiff" (*id.* at 3), although no motion for substitution had been filed. On October 1, 2018, the Court granted the motion and vacated the Clerk of Court's summary dismissal of Mehta. (Doc. 122.)

On November 8, 2018, Mehta filed a motion entitled "Former Defendant Haresh Mehta's Motion to Clarify Dismissal and Alternative Renewal of Motion to Dismiss." (Doc. 131.)

On November 11, 2018, Florin Ivan filed a "Notice of Substitution of Counsel,

---

[1] The Court's May 20, 2019 order provides a more detailed background of the case. (Doc. 148.)

Change of Firm, Change of Address," in which he gave notice that Plaintiff was represented by Florin V. Ivan and Justin M. Clark of the law firm Florin V. Ivan, P.C. dba Ivan & Associates. (Doc. 133.)

On May 20, 2019, the Court granted the three pending motions to dismiss. (Doc. 148.) The Court noted that "although the SAC purports to assert three new causes of action that don't appear in the FAC, and also purports to seek certain new remedies that weren't sought in the FAC, the Court did not grant Edwards leave to amend his FAC in this fashion" and struck the newly added claims and remedies. (*Id.* at 7.)

As to the Alkazins, the Court dismissed them again for lack of personal jurisdiction, noting that the SAC did not include facts suggesting that Plaintiff was harmed in Arizona by their conduct and that attempts to establish personal jurisdiction by other means exceeded the scope of the Court's leave to amend. (*Id.* at 8.) The Court also held that Plaintiff could not rely on a theory of general personal jurisdiction because he had waived any reliance on that theory in his response to the FAC. (*Id.*)

As to Mehta, the Court noted that Mehta had been dismissed from the FAC without leave to amend, so no claims against Mehta should have been reasserted in the SAC. (*Id.* at 9.)

As to Vemma Holdings, the Court held that the argument advanced in the SAC that Vemma Holdings is the alter ego of Vemma Nutrition was a futile argument that would necessarily result in the dismissal of Vemma Holdings, and that at any rate the argument was waived. (*Id.* at 10-11.)

The Court further noted that dismissal of the only remaining defendants, Tarak Mehta and Vemma Vitamins Pty. Ltd. ("Vemma Vitamins"), appeared appropriate and ordered Plaintiff to file a written memorandum by June 17, 2019 showing cause why the SAC should not be dismissed as to those defendants . (*Id.* at 11-13.)

The Alkazins, Mehta, and Vemma Holdings requested attorneys' fees in their motions to dismiss. The Court noted that it "tend[ed] to share the movants' belief that Edwards's conduct was unreasonable and had the effect of unfairly driving up his

opponents' costs," but the Court denied the requests without prejudice and ordered that any motions for attorneys' fees (1) should include more fully developed briefing on the legal justifications for the fees, (2) should follow final judgment, (3) should comply with Local Rule 54.2, and (4) should be accompanied by an itemized statement of legal services in a format specified by the Court. (*Id.* at 13-15.)

On June 11, 2019, Counsel filed a motion to withdraw as counsel of record without Plaintiff's consent. (Doc. 153.) On June 14, 2019, the Court noted that it could not find justifiable cause for withdrawal because it had no idea what Counsel's reasons for seeking withdrawal were. (*Id.* at 2.) The Court denied the motion without prejudice and permitted Counsel to file an *ex parte* motion under seal, explaining the reasons justifying withdrawal, by June 17, 2019. (*Id.* at 3, 5.) Counsel did not file such a motion.

June 17, 2019 was also the deadline by which Plaintiff had been ordered to show cause why the SAC should not be dismissed as to Tarak Mehta and Vemma Vitamins. On June 17, 2019, Plaintiff filed a memorandum in which Counsel implied they could not advance any meritorious arguments concerning Tarak Mehta and Vemma Vitamins but their client had not authorized them to concede dismissal. (Doc. 155 at 2.) They also included a short argument that lacked merit.

On June 19, 2019, the Court dismissed Vemma Vitamins and Tarak Mehta without leave to amend, directed the Clerk of Court to enter judgment, and ordered that any Defendant wishing to file a motion for attorneys' fees must do so within 14 days of entry of judgment. (Doc. 156.) The clerk entered judgment on June 19, 2019 (Doc. 157), such that all motions for attorneys' fees were due by July 3, 2019.

On June 26, 2019, Plaintiff directly filed (without his Counsel) "a formal written request . . . to enter a Motion for reconsideration." (Doc. 158.) On June 27, 2019, the Court denied the request because it was filed by Plaintiff personally even though he was represented by Counsel. (Doc. 159.) That same day, Counsel filed a "Request for Clarification," which included a buried request for reconsideration of the Court's June 14, 2019 order denying Counsel's motion to withdraw. (Doc. 161 at 2.)

On July 3, 2019, the Court denied the request to reconsider its denial of Counsel's motion to withdraw. (Doc. 165 at 3-5.) The Court stated, in part:

> As explained in the June 13, 2019 Order denying the application, Counsel failed to provide reasons to establish justifiable cause. (Doc. 154.) The Court afforded Counsel the opportunity to provide reasons via an *ex parte* affidavit but Counsel declined to do so. Thus, there are no reasons before the Court weighing in favor of withdrawal.

(Doc. 165 at 3.) The Court also noted that Counsel's purported reason for not filing the *ex parte* motion under seal was a concern that the information contained therein could become public, a reason the Court found unpersuasive (Doc. 165 at 3 n.1), as the Court had stated in its June 13, 2019 order that an under-seal filing would "preserv[e] the confidentiality of the attorney-client relationship." (Doc. 154 at 3.) Furthermore, the Court denied Counsel's request to file a reply to their (already-denied) motion to withdraw, stating that the Court had already denied the motion and denied reconsideration of the motion. (Doc. 165 at 5.)

On July 3, 2019, Vemma Nutrition, Vemma Holdings, the Alkazins, and Mehta[2] filed motions for attorneys' fees. (Docs. 166, 167, 168, 169.)

On July 9, 2019, Counsel filed an "expedited" second motion to withdraw as counsel. (Doc. 170.)

On July 11, 2019, Plaintiff filed an "expedited" motion seeking a 60-day extension of time to respond to the pending motions for attorneys' fees (Doc. 171), and Counsel filed an "expedited" motion to intervene (Doc. 172). That same day, Vemma Nutrition, Vemma Holdings, and the Alkazins responded to the three "expedited" motions. (Docs. 173, 174, 175.)

On July 12, 2019, Counsel filed an "expedited" motion for an extension of time to file responses to the motions for attorneys' fees, subject to the Court granting Counsel permission to file responses separate from those filed by Plaintiff. (Doc. 177.)

On July 18, 2019, Plaintiff directly filed (without his Counsel) a "Motion" to appeal his case, which was docketed by the Clerk of Court as a notice of appeal, requesting that

---

[2] Mehta's motion was filed approximately 57 minutes late, at 12:57 a.m. on July 4, 2019. Mehta's attorney provided good reasons for the late filing (Doc. 169-4), the delay was less than an hour, the delay prejudiced no one, and there was no bad faith involved. The Court therefore deems the motion timely filed. Fed. R. Civ. P. 6(b).

"the courts" waive the Ninth Circuit docketing and filing fees. (Doc. 179 at 1.)[3] On July 23, 2019, the Ninth Circuit assigned a docket number and noted that "[p]ayment of the $505 docketing and filing fees is past due" and that "[f]ailure to correct this deficiency within 14 days will result in the dismissal of this [appeal] for failure to prosecute." (Doc. 180.)

**ANALYSIS**

A.   Counsel's Second Motion To Withdraw As Plaintiff's Counsel

As noted above, Counsel's original motion to withdraw was denied with leave to file an *ex parte* motion under seal by June 17, 2019, yet Counsel failed to file another motion by that deadline. Afterward, Counsel requested reconsideration, but the Court denied that request and explicitly stated that "[f]urther briefing of this issue would not be helpful." (Doc. 165 at 5.) Notwithstanding all of this, Counsel has now submitted yet another application to withdraw as counsel without the consent of Plaintiff. (Doc. 170.)

Counsel's motion states "[t]his application is necessitated by the recent motions for attorney fees filed by Defendants," specifically noting that three of the four pending motions for attorneys' fees target "not only Plaintiff but also Plaintiff's counsel." (Doc. 170 at 1, 3.) Counsel alludes to "potential conflicts created by counsel representing Plaintiff and counsel in the same proceedings." (*Id.* at 5.) Counsel's motion cites ER 1.7 of the ABA Model Rules of Professional Conduct, which states in relevant part that a lawyer shall not represent a client if there is a "concurrent conflict of interest," including the situation where there is "a significant risk" that representation of the client "will be materially limited . . . by a personal interest of the lawyer." However, Counsel conspicuously fails to identify any authority suggesting a conflict of interest necessarily arises when attorneys' fees are sought against both client and counsel.

---

[3] Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over the underlying case, "a district court in this circuit retains jurisdiction to rule upon a request for attorney fees." *League of Women Voters of Cal. v. F.C.C.*, 751 F.2d 986, 990 (9th Cir. 1985). *See also Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[A]n award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."). Thus, the Court retains jurisdiction to rule on the pending motions, which all relate to the collateral issue of attorneys' fees.

Counsel has failed to establish that such a conflict of interest exists. Certainly, Counsel have a personal interest in not paying sizable attorneys' fees. But there does not appear to be a significant risk that Counsel's representation of Plaintiff would be limited by that interest. Indeed, it appears to the Court that Plaintiff's interests and Counsel's interests are aligned—to the extent Counsel can successfully argue that attorneys' fees should not be assessed, Plaintiff and Counsel both have much to gain (or conversely, if Counsel cannot successfully advance that argument, much to lose).

For example, Vemma Holdings, the Alkazins, and Mehta all invoke 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Ninth Circuit's cases are "less than a model of clarity" regarding whether the district court must find "bad faith" to impose sanctions under § 1927. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002), *as amended* (Feb. 20, 2002). One leading case held that "section 1927 sanctions must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Lit.,* 78 F.3d 431, 436 (9th Cir. 1996). A later case concluded that "recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). And another case held that knowing about a rule and the applicable law and "recklessness in the face of such undeniable knowledge" would be "sufficient to justify the imposition of § 1927 sanctions." *Maui Police*, 276 F.3d at 1106-07. In *Maui Police*, the Ninth Circuit added that because counsel's argument was "frivolous inasmuch as it lacked credibility on its face," § 1927 sanctions were justified "even under the *Keegan* standard." *Id.* at 1107 n.8.

Whatever tensions may exist in the case law, it is clear that the Court may exercise its discretion to impose sanctions if it determines that Counsel knowingly or recklessly

raised a legally frivolous argument. *Keegan,* 78 F.3d at 436. That is the sanctionable conduct alleged in the § 1927 sections of the attorneys' fees motions. (Doc. 167 at 9 ["The filing of such a facially defective SAC unquestionably multiplied these proceedings, and Vemma Holdings submits that Edwards' counsel did so unreasonably."]; Doc. 168 at 9 [same]; Doc. 169 at 5 ["Plaintiff unreasonably expanded the scope of these proceedings and riddled its participants with superficial legal arguments . . . after repeated requests and warnings from counsel and this Court."].) "Recklessness," in this context, means "departure from ordinary standards of care that disregards a known or obvious risk." *In re Girardi*, 611 F.3d 1027, 1038 (9th Cir. 2010). Thus, to the extent Counsel can show that the filings and arguments challenged by Defendants were not frivolous, or that Counsel did not disregard a known or obvious risk in making those filings and advancing those arguments, Counsel can avoid the possibility of sanctions. No part of the legal standard involves the degree to which a client was pushing counsel to make the filings and arguments at issue. In other words, Plaintiff's conduct throughout this litigation is largely irrelevant to the determination of whether Counsel should be sanctioned pursuant to § 1927 for recklessly advancing frivolous arguments.

Vemma Holdings and the Alkazins also invoke the Court's "inherent power to award attorneys' fees as a sanction" against "parties and their counsel." (Doc. 167 at 6; Doc. 168 at 6.) "Under its 'inherent powers,' a district court may . . . award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir. 1997)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Primus*, 115 F.3d at 648–49 (internal quotation marks omitted). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* at 649 (quoting *In re Keegan,* 78 F.3d at 436). Again, frivolous arguments are at the crux of Defendants'

assertion that the Court should use its inherent powers to sanction Counsel. Thus, again, Counsel may avoid sanctions by showing they did not knowingly or recklessly raise a frivolous legal argument. The Court can discern no conflict between the positions of Counsel and Plaintiff on this issue. By and large, Counsel and Plaintiff are in the same boat.

Although it is true that, as part of their "inherent powers" argument, Vemma Holdings and the Alkazins encourage the Court to "consider the broader circumstances surrounding Edwards' filing of his SAC"—namely an accusation that "Edwards was engaging in a behind-the-scenes campaign to intimidate Mr. Boreyko, Vemma Holdings' President, into settling this lawsuit"—Vemma Holdings and the Alkazins suggest only that "a finding that *Edwards* was, and remains, 'substantially motivated by vindictiveness, obduracy, or mala fides' plainly is warranted." (Doc. 167 at 8; Doc. 168 at 8-9 (emphasis added).) The Court does not read these motions as asking the Court to impute blame to Counsel for whatever actions Edwards may or may not have taken "behind the scenes." Thus, Counsel need not exonerate itself regarding this accusation.

Finally, Mehta invokes Rule 11 of the Federal Rules of Civil Procedure as an additional basis for seeking attorneys' fees against Plaintiff "and/or" Counsel. (Doc. 169 at 6.) "An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)). Pursuant to Rule 11, "sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). "The word 'frivolous' does not appear anywhere in the text of the Rule; rather, it is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Id.* "[T]he central purpose of Rule 11 is to deter baseless filings . . . ." *Id.* Thus, to defend against Mehta's claim for Rule 11

sanctions, Counsel again must show their filings were not frivolous—that is, that they were not baseless, or at least that Counsel made a reasonable and competent inquiry. As with the other theories under which sanctions are being sought, this inquiry doesn't appear to have anything to do with the behavior of Plaintiff.

For all of these reasons, the filings in this case to date give the Court no reason to believe there is an inherent conflict between Plaintiff and Counsel arising from the attorneys' fees motions. As another district court observed under similar circumstances:

> Although counsel has previously asserted that he and his clients have a conflict of interest resulting from a request for attorney's fees having been made against them, he has pointed to no evidence of such a conflict. Instead, counsel appeared to argue that any motion for sanctions directed against both client and attorney itself creates a conflict of interest. If this were true, then the sanctions regime, intended in large part to deter vexatious and dilatory litigation tactics, would itself be another weapon in the arsenal of an attorney or litigant seeking to delay: any motion for sanctions would provide grounds for counsel to withdraw, thus causing further delay.

*Baker v. Dorfman*, 2000 WL 1010285, \*10 (S.D.N.Y. 2000), *aff'd sub nom. Baker v. David Alan Dorfman, P.L.L.C.*, 232 F.3d 121 (2d Cir. 2000). The Court finds this reasoning persuasive. Potential for delay is already at issue in this case—indeed, the Court just granted Plaintiff an addition 14-day extension to respond to the pending attorneys' fees motions but denied Plaintiff's request for a 60-day extension. (Doc. 178.)

The Court is also unpersuaded by Counsel's assertion that they must be allowed to withdraw as a matter of due process. To be sure, "an attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). However, "[t]he opportunity to brief the issue fully satisfies due process requirements." *Id.*

Notwithstanding this line of authority, Counsel cites *Cole v. United States Dist. Court*, 366 F.3d 813, 821 (9th Cir. 2004), for the proposition that "Counsel are separate persons from Plaintiff, and counsel has the right to defend itself separately from Plaintiff." (Doc. 170 at 4.) *Cole*, however, does not support this proposition. Plaintiff's responses to the attorneys' fees motions, which Counsel must draft, can adequately respond to the

arguments targeting both Counsel and Plaintiff. Indeed, as noted above, those responses will essentially overlap. Additionally, Counsel may submit affidavits in support of Plaintiffs' responses. *Pac. Harbor*, 210 F.3d at 1118 n.11 ("The usual method for resolving factual issues under § 1927 is by affidavit. That would appear to be a perfectly adequate mechanism in many instances for providing counsel with an opportunity to be heard where the judge has effectively witnessed the offenses.") (internal citation omitted).

One final point is worth emphasizing. Although, for the reasons stated above, the Court cannot discern any tension between Counsel's and Plaintiff's positions concerning the pending attorneys' fees motions, it is theoretically possible that a conflict may exist. This is why the Court invited Counsel to submit an *ex parte* affidavit that explains *why* Counsel believes there is a conflict. In the Court's view, Counsel's failure to accept this invitation speaks volumes. Nevertheless, the Court will begrudgingly re-extend its previous offer. If, after carefully reviewing this Order, Counsel concludes that information presently unknown to the Court would justify withdrawal, and that the information is subject to attorney-client privilege, Counsel may—by July 26, 2019—file an *ex parte* motion under seal, explaining the reasons justifying withdrawal.

Given this offer, the Court will deny Counsel's request for a hearing. Counsel argues that a hearing is necessary because it would "allow the Court to have a sealed *ex parte* colloquy in the event the Court desires additional information that is protected by the attorney-client privilege and confidentiality under ER 1.6." (Doc. 170 at 5-6.) This argument is puzzling—the *ex parte* affidavit procedure will offer the same benefits while avoiding the needless waste of resources that would flow from forcing all of the Defendants to march down to court, announce their presence at a hearing, and then leave the courtroom while the Court has an *ex parte* discussion with Counsel.

B. Counsel's Motion To Intervene

Counsel's motion to intervene will be denied. For one thing, intervention is unnecessary. Even if Counsel files its *ex parte* motion under seal by July 26, 2019 and the Court determines that justifiable cause exists to grant the withdrawal motion, the Court

- 11 -

could retain jurisdiction over Counsel for purposes of the attorneys' fees motions. *Holgate*, 425 F.3d at 677. Nothing would prevent the Court from ordering briefing from Counsel, even if they were permitted to withdraw.

Nor is intervention mandatory under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Rule 24(a)(2) is limited to anyone who "claims an interest relating to the property or transaction that is *the subject of the action*." (emphasis added). The subject of this action involves copyright infringement of Plaintiff's research regarding a dietary supplement called mangosteen. Counsel has no interest relating to the alleged copyright infringement.

C. Plaintiff's Motion For Extension of Time

On July 15, 2019, the Court granted in part and denied in part Plaintiff's motion for extension of time (Doc. 171), granting an extension of 14 days rather than the 60-day extension sought by Plaintiff.[4] (Doc. 178.) The motion for extension of time was premised on the expectation that the Court would be granting Counsel's motion to withdraw and/or granting Counsel's request for a hearing on the motion to withdraw. (Doc. 171 at 3.) Accordingly, no rationale remains for the requested 60-day extension. If Counsel file their *ex parte* motion under seal by July 26, 2019 and the Court determines that justifiable cause exists to permit withdrawal, the Court can address scheduling issues at that time. However, Counsel are cautioned that filing the *ex parte* motion under seal in no way guarantees that it will be granted—indeed, unless it contains sufficient justification, it will be denied. Also, the mere submission of an *ex parte* motion to withdraw will not be good cause for a further extension of the deadline for responding to the pending attorneys' fees motions.

D. Counsel's Motion For Extension of Time

Counsel's motion for an extension of time to file separate briefs as intervenors was premised on the assumption that the Court would grant Counsel's motion to intervene, which is denied in this Order. Thus, the motion for an extension of time is likewise denied.

Accordingly,

---

[4] The Court granted the 14-day extension in a text-only order before this opinion was fully drafted to relieve Plaintiff from rushing to meet the previous deadline.

- 12 -

**IT IS ORDERED** as follows:

1. Counsel's second motion to withdraw as counsel (Doc. 170) is **denied**. Counsel's request for a hearing on its motion to withdraw is **denied**.

2. If, after carefully reviewing this Order, Counsel concludes that information presently unknown to the Court would justify withdrawal, and that the information is subject to attorney-client privilege, Counsel may—by **July 26, 2019**—file an *ex parte* motion under seal, explaining the reasons justifying withdrawal.

3. Counsel's motion to intervene (Doc. 172) is **denied**.

4. Counsel's motion for extension of time to respond to the pending motions for attorneys' fees (Doc. 177) is **denied**.

5. Plaintiff's "Motion" (Doc. 179), to the extent it seeks waiver of the Ninth Circuit docketing and filing fees, is **denied**. This Court has no jurisdiction over a Ninth Circuit appeal. Any requests related to that appeal must be directed to the Ninth Circuit, not this Court.

Dated this 23rd day of July, 2019.

Dominic W. Lanza
United States District Judge